UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**STANLEY A. SLUPKOWSKI,**            Civil No. 08-458 (JNE / SRN)

         **Petitioner,**

                                           **REPORT & RECOMMENDATION**

v.

**THE UNITED STATES OF AMERICA,
and Warden DUKE TERRELL, FMC
Rochester, MN,**

         **Respondents.**

---

     Stanley A. Slupkowski, <u>pro se</u>.

     Gregory G. Brooker, Assistant United States Attorney General, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Respondents.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

     This matter is before the undersigned Magistrate Judge of the District Court on the application of Petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that this action be transferred to the Eastern District of North Carolina.

**I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

     Petitioner is currently confined under 18 U.S.C. § 4246 pursuant to an August 1994 Order of the U.S. District Court for the Eastern District of North Carolina, Judge W. Earl Britt, committing Petitioner to the Attorney General for custody, care, and treatment due to Petitioner having been found suffering from a mental disease or defect. (August 17, 1994, Order, No. 5:94-HC-392-BR.) Petitioner was diagnosed as suffering from Schizophrenia and Delusions /

Psychosis. Under that Order, Petitioner is to remain committed until a determination that he has recovered sufficiently so as to no longer create a substantial risk of bodily injury to another or serious damage to the property of another. See 18 U.S.C. § 4246(d)(2), (e)(1). Petitioner has been subject to periodic evaluations since 1994 but his diagnosis is unchanged.

From 1994 until relatively recently, Petitioner was confined at the Federal Medical Center in Butner, North Carolina ("FMC–Butner"). In August 2007, he was transferred to the Federal Medical Center in Rochester, MN ("FMC–Rochester").

In February 2008, Petitioner then filed the present Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, generally claiming that his confinement is in violation of federal law. (Doc. No. 1.) This Court directed the Government to file a response showing cause why the writ should not be granted. (Doc. No. 6.) The Government complied (Doc. Nos. 9-11) and Petitioner filed a reply (Doc. No. 12).[1]

## II.   DISCUSSION

The Government requests that the Petition be dismissed because this Court lacks jurisdiction and also contends that even if this Court did have jurisdiction the Petition "is without merit because Petitioner is validly committed to the care and custody of the Attorney General under 18 U.S.C. § 4246 pursuant to a valid Order of the U.S. District Court for the Eastern District of North Carolina." (Doc. No. 9, at 1.) With respect to its request for dismissal, the Government contends that "the District of Minnesota lacks jurisdiction over this habeas petition"

---

[1] He also filed several motions, one seeking that he be recognized as civilly committed, rather than as a "prisoner," so as not to be held subject to the requirements of the Prison Litigation Reform Act (Doc. No. 5), one requesting modification of filing deadlines due to a lack of necessary materials at FMC-Rochester and a flu epidemic that precluded access to the law library (Doc. No. 8), and one seeking similar relief for those same reasons (Doc. No. 13).

because "Petitioner challenges the fact or duration of his confinement ordered, not by a Court in this District" but rather the North Carolina federal court. (Doc. No. 9, at 5.)

Petitioner seeks a conditional discharge, variously claiming that the required procedures for an involuntary commitment have not been followed. (Doc. Nos. 1-2.) He asserts (1) that he was originally sent to the federal facility in Butner, N.C., only for a short evaluation and study period, after which he then should have been released, but that he has been held there since (despite having filed various writs for over 12 years); (2) that the disposition and release hearing he alleges he is entitled to has never been held; and (3) that he should have been released after various States refused to accept responsibility for him. (Doc. No. 1.) He does not assert any allegations regarding the specific conditions of his confinement at FMC-Rochester per se.

Generally, with respect to the jurisdiction of federal court entertaining a writ of habeas corpus, "[a] petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court." Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).

But here, because Petitioner apparently was never convicted (the Indictment having been dismissed due to his mental condition), but rather was committed under Section 4246 of Chapter 313, he "is not eligible for relief under 28 U.S.C. § 2255." Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004) (noting petitioner "was found not guilty by reason of insanity" and thus committed under Section 4243). Thus, a Section 2241 petition is the properly-invoked procedure and this is "the proper forum for a § 2241 claim because he [is] in custody" in this District. Id. But because "he is in custody by reasons of commitment orders entered under 18

U.S.C. § [4246]," any claim that he in fact is not suffering from a mental disease or defect despite the contrary finding of the 1994 commitment Order "does not entitle him to habeas relief." Archuleta, 365 F.3d at 648.

Chapter 313 of Title 18 governs various scenarios in which a criminal defendant suffers from a mental disease or defect. 18 U.S.C. §§ 4243-4246. Section 4243, at issue in Archuleta, governs the "[h]ospitalization of a person found not guilty only by reason of insanity." 18 U.S.C. § 4243. Similarly, Section 4246 governs the "[h]ospitalization of a person due for release but suffering mental disease or defect." 18 U.S.C. § 4246. Each section provides essentially identical standards for commitment to the custody of the Attorney General as well as for a committed person's discharge upon their recovery. 18 U.S.C. §§ 4243(d)-(f), 4246(d)-(e). Section 4247, which is generally applicable to all Chapter 313 proceedings, provides in part that "[n]othing contained in section 4243, 4246 or 4248 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention." 18 U.S.C. § 4247(g).

In Archuleta, the Eighth Circuit addressed the interplay between the habeas corpus provisions of Title 28 and the mental disease or defect provisions of Title 18 in those situations where a petitioner files a habeas petition in the district in which he is then confined but where he was originally committed as suffering from a mental disease or defect under Section 4243 by order of a federal court in a different district. 365 F.3d at 646-49. The court concluded that if the claims for relief do not constitute a genuine "conditions of confinement" case justifying retention of jurisdiction in the district of the petitioner's present confinement, then the habeas petition must be transferred to the other federal district that issued the Section 4243 Order. Id. at

4

647-49.

Here, the basis of Petitioner's request for relief concerns not the conditions of his current confinement at FMC-Rochester, but rather an alleged failure to follow the requisite procedures for his commitment under Section 4246.  Accordingly, this action must be transferred to the district that originally ordered Petitioner's commitment, that is, the Eastern District of North Carolina, which has been not only monitoring Petitioner's condition since 1994 but also addressing his various requests for relief over that same period.  Archuleta, 365 F.3d at 648.

In light of this decision, each of Petitioner's pending motions–which seek various forms of procedural relief solely with respect to the proceedings in this District–are effectively moot.

## III.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1.    This action–Petitioner's application for a writ of habeas corpus (Doc. No. 1)–be TRANSFERRED to The U.S. District Court For The Eastern District of North Carolina;

2.    Petitioner's "Motion For the Change of Custody Status of Petitioner" (Doc. No. 5) be DENIED AS MOOT;

3.    Petitioner's "Motion For the Delays In Legal Proceedings Not Due To The Fault of the Petitioner" (Doc. No. 8) be DENIED AS MOOT; and

4.    Petitioner's "Motion For the Change Of Signature, Date of Petition Due to the Flu Epidemic at FMC Rochester MN" (Doc. No. 13) be DENIED AS MOOT.

Dated:  June 24, 2008

  s/ Susan Richard Nelson
SUSAN RICHARD NELSON

                United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by July 9, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.